## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GOMEZ-GONZALEZ, Wilfredo      :
     :
     Petitioner,      :
     :
     v.      :
     :     **CIVIL ACTION**
JAMISON, J.L., Warden, Federal Detention   :
Center, Philadelphia, et al.,      :      No. 26-3190
     :
     Respondents.      :

## ORDER

**AND NOW,** this 13th day of May, 2026, upon consideration of Wilfredo Gomez-Gonzalez

Petition for Writ of Habeas Corpus (ECF No. 1), and the response thereto, it is hereby **ORDERED**

that the petition is **GRANTED.**[1]

It is **FURTHER ORDERED** as follows:

1. Wilfredo Gomez-Gonzalez is not subject to mandatory detention under 8 U.S.C. §

1225(b)(2).

2. Respondents shall immediately release Wilfredo Gomez-Gonzalez from custody.

3. Respondents shall certify compliance with this order, stating the time and manner

of release, no later than 12:00 P.M. E.S.T. on May 14, 2026.

4. Respondents are temporarily enjoined from re-detaining Wilfredo Gomez-

Gonzalez for seven days following his release from custody.

5. If Respondents pursue re-detention of Wilfredo Gomez-Gonzalez, they must first

provide him with a bond hearing, pursuant to 8 U.S.C. § 1226(a), at which a neutral immigration

judge shall determine whether detention is warranted pending the resolution of his removal

proceedings.

BY THE COURT:

_____

Hon. Mia R. Perez

---

[1] Petitioner Wilfredo Gomez-Gonzalez is a native and citizen of Nicaragua who entered the United States in or around 2021 and has not left the United States since. ECF No. 1 ¶¶ 1, 17. Petitioner received work authorization, has worked as a machine operator at a paper company for the past two years, previously worked at a glass recycling plant, and has complied with the conditions of his removal proceedings and immigration release, including attending hearings and regular ICE check-ins. Id. ¶¶ 19–20. Petitioner also submitted an asylum application, and his next scheduled immigration hearing is October 7, 2026, in the Philadelphia Immigration Court. Id. ¶ 20. On or about May 6, 2026, while at a routine immigration check-in at the Philadelphia field office, Immigration and Customs Enforcement ("ICE") agents detained Petitioner and brought him to the Federal Detention Center in Philadelphia, where he remains detained without a bond hearing. Id. ¶¶ 2, 21–23; see also ECF No. 3 at 4–5. On May 11, 2026, Petitioner filed this Verified Petition for Writ of Habeas Corpus, seeking immediate release from detention. ECF No. 1. On May 13, 2026, Respondents filed a response, arguing Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and that his detention does not violate due process. ECF No. 3.

The government acknowledges that its position that Petitioner is subject to mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2)(A) has been categorically rejected by the vast majority of district courts. *See* ECF No. 4 at 3. Indeed, of the over 400 petitions brought in this District, this Court is unaware of a single one agreeing with the government. The Second and Eleventh Circuits have also rejected Respondents' position. *See Cunha v. Freden*, No. 25-3141, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Fidencio Alvarez v. Warden, Fed. Det. Ctr. Miami, et al.*, No. 25-14065 (11th Cir. May 6, 2026) (Dkt. No. 74-1). This Court follows suit and holds Petitioner's detention without a bond hearing violates the Immigration and Nationality Act.

Individuals like Petitioner, who have lived in the United States for years, are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). A non-citizen is only subject to mandatory detention under § 1225(b)(2)(A) if he (1) is an "applicant for admission"; (2) is "seeking admission"; and (3) is "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A); *see Kashranov v. Jamison*, No. 2:25-cv-05555, 2025 WL 3188399, at *6 (E.D. Pa. Nov. 14, 2025) (Wolson, J.). "'Seeking admission' describes active and ongoing conduct—physically attempting to come into the United States, typically at a border or port of entry and presenting oneself for inspection and authorization." *Kashranov*, 2025 WL 3188399, at *6. It does not describe individuals who have been in the United States since 2015. *Id.* Section 1225(b)(2)(A), therefore, does not apply. *See, Fidencio Hernandez Alvarez*, No. 25-14065, 56 (11th Cir. May 6, 2026) (Dkt. No. 74-1); *Cunha v. Freden*, 2026 WL 1146044 at *23; *see also, e.g.*, *Ramirez v. Bondi*, No. 26-0522, 2026 WL 321442 (E.D. Pa. Feb. 6, 2026) (Rufe, J.); *Vasquez-Rosario v. Noem*, No. 25-cv-7427, 2026 WL 196505 (E.D. Pa. Jan. 26, 2026) (Kenney, J.); *Restrepo v. Jamison*, No. 2:25-cv-6518, 2026 WL 141803 (E.D. Pa. Jan. 20, 2026) (Leeson, J.); *Chavez v. McShane*, No. 25-6968, 2026 WL 120671 (E.D. Pa. Jan. 16, 2026) (Costello, J.); *Muzofirov v. Jamison*, No. 25-7371, 2026 WL 126153 (E.D. Pa. Jan. 16, 2026) (Scott, J.); *Kanaut v. Rose*, No. 24-6869, 2026 WL 36690 (E.D. Pa. Jan. 6, 2026) (Hodge, J.); *Rios Porras v. O'Neill*, No. 25-6801, 2025 WL 3708900 (E.D. Pa. Dec. 22, 2025) (Beetlestone, J.); *Hurtado v. Jamison*, No. 25-6717, 2025 WL 3678432 (E.D. Pa. Dec. 18, 2025) (Padova, J.); *Anirudh v. McShane*, No. 25-6458, 2025 WL 3527528 (E.D. Pa. Dec. 9, 2025) (Bartle, J.); *Bhatia v. O'Neill*, No. 25-6809, 2025 WL 3530075 (E.D. Pa. Dec. 9, 2025); *Rodriguez Pereira v. O'Neill*, No. 25-6543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025) (Marston, J.); *Juarez v. O'Neill*, No. 25-6191, 2025 WL 3473363 (E.D. Pa. Dec. 3, 2025) (Henry, J.); *Nogueira-Mendes v. McShane*, No. 25-5810, 2025 WL 3473364 (E.D. Pa. Dec. 3, 2025) (Slomsky, J.); *Flores Obando v. Bondi*, No. 25-6474, 2025 WL 3452047 (E.D. Pa. Dec. 1, 2025) (Brody, J.);

*Diallo v. O'Neill*, No. 25-6358, 2025 WL 3298003 (E.D. Pa. Nov. 26, 2025) (Savage, J.); *Morocho v. Jamison*, No. 25-cv-05930, 2025 WL 3296300 (E.D. Pa. Nov. 26, 2025) (Gallagher, J.); *Espinal Rosa v. O'Neill*, No. 25-cv-6376 (E.D. Pa. Nov. 25, 2025) (Weilheimer, J.); *Ndiaye v. Jamison*, No. 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sanchez, J.); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (Diamond, J.).

Furthermore, Petitioner's detention violates the Fifth Amendment's Due Process Clause. "Under settled Supreme Court precedent, 'aliens who have once passed through our gates, *even illegally*, may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law.'" *Cunha*, 2025 WL 1146044, at *15 (quoting *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953)). To determine whether an individual has been deprived of due process, courts weigh (1) the private interest at stake; (2) the risk of the erroneous deprivation of that interest and the probable value of procedural safeguards; and (3) the burden on the government of providing those procedures. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Here, all three factors weigh in Petitioner's favor. First, Petitioner has a strong liberty interest. Second, without any individualized assessment as to whether Petitioner is a danger to public safety or a flight risk, there is a high risk of error as to whether his detention is lawful. Third, a bond hearing "imposes little administrative burden." *Diallo*, 2025 WL 3298003, at *6 (quoting *Kashranov*, 2025 WL 3188399, at *5).

Accordingly, for the same reasons set forth in *Picon v. O'Neill*, No. 25-6731, 2025 WL 3634212 (E.D. Pa. Dec. 15, 2025), and *Kashranov*, 2025 WL 3188399, which the Court adopts herein, 8 U.S.C. § 1226(a) applies to Petitioner. Individuals detained under §1226(a) are entitled to seek a bond hearing before an Immigration Judge. Petitioner's detention without a bond hearing is unlawful, and he is entitled to habeas relief. The appropriate relief for unlawful detention is immediate release.